Middleton, J.,
dissenting. I concur in the first and third branches of the syllabus but I must dissent from the conclusion reached in the majority opinion and from the second branch of the syllabus.
It seems to be conceded that the note in question would be nonnegotiable if the offensive clause, “or whenever the mortgagee shall, for any reason, deem said indebtedness insecure,” were written into the body of the note. The controlling question then is whether that clause of the mortgage is incorporated in the note by reference. The note provides that it shall immediately become due at the holder’s option without demand or notice “in the event any installment hereof is not paid when due and/or in the event that the chattel mortgage securing this note is breached in any respect.” Then the mortgage contains the covenant and agreement that “whenever the mortgagee shall, for any reason, deem said indebtedness insecure, the mortgagee may, at its option and without notice, elect to treat the balance remaining unpaid on said note immediately due and payable forthwith.” If the maker of the note does anything which the mortgagee disapproves, the due date of the note can be immediately accelerated — though the acceleration be effected through mere whim or caprice. The maker of the note may buy an expensive automobile or attend a too merry Christmas party or be seen with associates *465 which the mortgagee disapproves, or may do a host of things not approved by the mortgagee. Under such circumstances the maker of the note, by his conduct, has breached the terms of. the mortgage — which bind him by covenant and agreement not to do anything which would cause the mortgagee to deem the indebtedness insecure. The obligation of the mortgagor (maker of the note) to conduct himself in ail respects in accord with the mortgagee’s ideas and standards of conduct is just as binding as his obligation to make payments when due.
In my judgment the clause in the note, by reference, adopts the objectionable clause in the mortgage. The note, therefore, becomes nonnegotiable just as clearly as though the objectionable clause were written into the body of the note.
Such construction of the note should not greatly disturb banks, finance companies or others engaged in lending and taking mortgage security. The clause in the mortgage is not necessary to afford complete security. So long as it is included it cannot be ignored, and nonnegotiability results. It is a simple matter to ' dispense with the clause in the mortgage.